STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.V., G.V., and K.A.**

**No. 19-0238** (Harrison County 17-JA-130-1, 17-JA-131-1, and 17-JA-132-1)

# MEMORANDUM DECISION

Petitioner Mother S.T., by counsel Julie N. Garvin, appeals the Circuit Court of Harrison County's January 4, 2019, order terminating her parental rights to S.V., G.V., and K.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Dreama D. Sinkkanen, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 28, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances while pregnant with K.A. The DHHR also alleged that petitioner's chronic addiction impaired her ability to parent her three children. On November 29, 2017, petitioner stipulated to the allegations of abuse and neglect as set forth in the petition. Petitioner was adjudicated as an abusing parent and moved for a post-adjudicatory improvement period, which was granted on January 5, 2018. However, during her improvement period, petitioner failed to participate in drug screens, therapy, parenting classes, and to submit to evaluations to determine if other services were necessary. In April of 2018, the circuit court terminated petitioner's post-adjudicatory improvement period due to her noncompliance with services.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

On May 31, 2018, the circuit court held a dispositional hearing. Petitioner's counsel moved for a continuance based upon petitioner's admission into inpatient treatment the night before the hearing. The circuit court denied petitioner's motion to continue, took judicial notice of the evidence presented during the prior hearings, and heard evidence regarding disposition. The DHHR presented evidence regarding petitioner's noncompliance with services including parenting classes, visitation, and drug screens. Specifically, the DHHR presented evidence that petitioner was referred to the Harrison County Day Report Center for random drug screening and was scheduled to screen seventy-two days, but failed to screen sixty-nine times. Of the few screens petitioner submitted to, the majority confirmed positive for amphetamine and methamphetamine. The DHHR also presented evidence that petitioner's visitation and parenting education and adult life skills services were terminated in February of 2018 due to her noncompliance.

In its dispositional order, the circuit court found that petitioner failed to comply with the terms and conditions of her post-adjudicatory improvement period, which was terminated in April of 2018. The circuit court noted that petitioner had not visited or had contact with the children since January 20, 2018. The circuit court also found that a service provider observed facial bruises on petitioner, which raised concerns of domestic violence. Lastly, the circuit court found that petitioner failed to respond to any of the DHHR's rehabilitative efforts. The court did not consider petitioner's "entry into treatment the day before this hearing to be a sincere or meaningful attempt to seek treatment." Ultimately, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests. The circuit court terminated petitioner's parental rights in its January 4, 2019, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]The father of S.V. and G.V. is deceased. K.A.'s father's parental rights were also terminated below. According to respondents, the permanency plan for the children is adoption in their current relative placement.

In her sole assignment of error, petitioner argues that the circuit court erred in terminating her parental rights. In support, she contends that that the circuit court's finding that she exposed the children to domestic violence was not sufficient to find that the termination of her parental rights was necessary for the children's welfare. We do not find petitioner's argument to be persuasive. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Petitioner's argument regarding domestic violence is disingenuous, given that the termination of her parental rights was based on a number of other facts besides domestic violence, such as her substance abuse issues and the fact that she did not comply with rehabilitative services from the DHHR. The record further shows that petitioner missed nearly all of her scheduled drug screens and that most of the screens she did submit to tested positive for methamphetamine and amphetamine. The record also shows that petitioner failed to comply with parenting and adult life skills services, as well as visitation with the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Petitioner did not see the children after January of 2018. While petitioner entered an inpatient treatment program the day before the dispositional hearing, the circuit court specifically found that her entry into the program did not demonstrate "a sincere or meaningful attempt to seek treatment." Because petitioner failed to comply with services and continued to abuse substances during the proceedings, it is clear that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests.

Petitioner also argues that the circuit court should have granted her a less-restrictive dispositional alternative because she contends that, at some point in the future, she may "improve to the point that she is capable of being a good parent and is not a danger to the children." According to petitioner, she "is not able to be a good parent right now. However, this condition is not necessarily permanent as [petitioner] was in treatment at the time of the [dispositional] hearing." Therefore, petitioner asserts that the circuit court should have granted her a less-

3

restrictive dispositional alternative pursuant to West Virginia Code § 49-4-604(b)(5).[3] We disagree and have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. We have also held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 4, 2019, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]West Virginia Code § 49-4-604(b)(5) provides that "[u]pon a finding that the abusing parent . . . [is] presently unwilling or unable to provide adequately for the child's needs, [a circuit court may] commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court."